# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHAN EARL WINGO,

                Plaintiff,

v.

CO WILLIAMS, CO GANGS,
SUPERVISOR WILBOURN, and
JUVENILE DETENTION FACILITY,

                Defendants.

Case No. 18-CV-1148-JPS

**ORDER**

      Plaintiff Nathan Earl Wingo ("Wingo"), who is incarcerated at the Milwaukee County Jail, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $30.90. 28 U.S.C. § 1915(b)(4).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Wingo's allegations involve an altercation between Wingo and officers at the Juvenile Detention Facility in Milwaukee that took place in April 2017 when he was incarcerated there. Wingo claims that he had a "heated verbal exchange" with Correctional Officer Williams ("Williams") while he was watching a movie because Wingo was talking to another inmate during the movie. (Docket #1 at 3). Williams told Wingo to go back to his cell, but Wingo refused. *Id.* Williams began to curse at Wingo and threaten to beat him up, so Wingo asked to see Williams' supervisor. *Id.*

Instead of calling his supervisor, Williams placed his walkie-talkie on the table, assumed a fighting stance, and told Wingo to get up to fight. *Id.* When Wingo refused to fight, Williams attacked him, hitting and choking him at the same time. *Id.* Correctional Officer Brian ("Brian") stepped in to stop Williams, but then Correctional Officer Gangs ("Gangs") entered the fight and slammed Wingo to the floor. *Id.* at 3–5. Williams and

Gangs dragged Wingo through the hallway and down a flight of stairs to his cell. *Id.* at 5. At that point, Wingo had a swollen face and right eye. *Id.*

Wingo, who was a minor at the time of this event, then asked Supervisor Wilbourn ("Wilbourn") to call his mother, but Wilbourn refused. *Id.* at 4. Wilbourn then tried to take photographs of Wingo's injuries but said the camera did not work. *Id.* A nurse provided Wingo with an ice pack. *Id.*

Having generously construed Wingo's allegations, the Court finds that Wingo may proceed on an Eighth Amendment excessive force claim against Williams and Gangs. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).[1] When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Taking Wingo's allegations as true, Williams' and Gangs' involvement in the movie-time altercation and its aftermath could be viewed as excessive under the circumstances. Wingo's claims against them can proceed.

---

[1]Without any indication otherwise, the Court will assume that Wingo was a convicted prisoner, as opposed to a pretrial detainee, during the relevant timeframe. Therefore, Wingo's claim arises under the Eighth Amendment.

Wingo cannot, however, proceed on his claims against Wilbourn or the Juvenile Detention Facility. As to Wilbourn, Wingo has not alleged that he was personally involved in the episode of alleged excessive force. Section 1983 provides a cause of action "based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The only allegations involving Wilbourn are that he did not call Wingo's mother after the altercation and tried to take photographs of Wingo's injuries but failed. This is not the stuff of a constitutional violation.

As to the Juvenile Detention Facility, it is not a suable entity. Federal Rule 17(b) directs that courts must look to state law to determine whether a particular entity has the capacity to be sued. Fed. R. Civ. P. 17(b). Although Wisconsin municipalities may be sued, *see* Wis. Stat. § 62.25, individual agencies and departments thereof may not. *See Armstrong v. Wisconsin*, No. 12-CV-426-BBC, 2012 WL 4467570, at *4 (W.D. Wis. Sept. 26, 2012). Therefore, Wingo's constitutional claim against the facility must be dismissed.

Thus, Wingo shall be permitted to proceed on a claim of excessive force, in violation of the Eighth Amendment, against Defendants Williams and Gangs. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Supervisor Wilbourn and Juvenile Detention Facility be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between Milwaukee County and this Court, copies of Plaintiff's Complaint and this order will be electronically sent to Milwaukee County for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge