# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATHAN EARL WINGO, | |
| Plaintiff, | |
| v. | Case No. 18-CV-1148-JPS |
| CO WILLIAMS and CO GAINES, | **ORDER** |
| Defendants. | |

On April 5, 2019, Defendants CO Williams ("Williams") and CO Gaines ("Gaines") filed a motion pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) requesting that the Court dismiss this case because Plaintiff Nathan Earl Wingo ("Wingo") has failed to prosecute it. (Docket #13). According to Defendants, Wingo refused to participate in a properly-noticed deposition and has not responded to any of their written discovery. *Id.* On May 1, 2019, the Court ordered that Wingo respond to all outstanding discovery and file a response to Defendants' motion to dismiss within ten days. (Docket #16). The Court warned that Wingo's failure to do so would result in dismissal of this action in its entirety without further notice. *Id.*; *see* Fed. R. Civ. P. 37, 41(b).

On May 16, 2019, the Court received a letter from Wingo that is dated January 19, 2019. (Docket #17). In it, Wingo explains that he has been having difficulty understanding what to do in this case because of his unfamiliarity with the law and his low level of education. *Id.* at 1–2. He claims to have had help from a lawyer at some point, but states that the lawyer is not representing him now. *Id.* at 1.

Wingo's letter does not satisfy the Court's order that he respond to Defendants' discovery and to their motion to dismiss. Wingo says nothing about why he refused to participate in the deposition that Defendants' counsel traveled to his prison to conduct, and he says nothing about the outstanding written discovery. Indeed, it appears Wingo's letter is not responsive to the Court's order whatsoever; it appears to have been drafted many months ago and only recently placed in the mail.

While it is unfortunate for Wingo that he has minimal education and no legal experience, those facts place him in comparable standing to nearly every other inmate litigant who comes before this Court. *Pro se* inmate litigants, like all other litigants, are expected to follow the Court's rules when they choose to file federal lawsuits. *See Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

Dismissal of this case is appropriate under either Rule 37 or Rule 41(b). The dismissal of a case as a Rule 37 discovery sanction is appropriate when the court finds willfulness, bad faith, or fault on the part of the defaulting party. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190–91 (7th Cir. 2011). Under Rule 41(b), a case can be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Id.* (quotation omitted). Wingo's refusal to answer any questions during his deposition, coupled with his failure to respond to written discovery, amount to bad-faith, contumacious conduct. *See Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (dismissal of inmate's Section 1983 action under Rule 37 was appropriate where inmate failed to timely and completely respond to discovery, produced no documents, and failed to attend the final pretrial conference despite a court

order to appear). The Court will, therefore, grant Defendants' motion to dismiss this action in its entirety. (Docket #13).

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss for failure to prosecute (Docket #13) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge